**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3155-20

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

MAURICE A. HORNE, a/k/a
MAURICE HORNE,

     Defendant-Appellant.

_____

Submitted September 13, 2022 – Decided September 23, 2022

Before Judges Gilson and Gummer.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 14-03-0466.

Joseph E. Krakora, Public Defender, attorney for appellant (Michael A. Priarone, Designated Counsel, on the brief).

Lori Linskey, Acting Monmouth County Prosecutor, attorney for respondent (Alecia Woodard, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Maurice Horne appeals from an order denying his petition for post-conviction relief (PCR) after oral argument but without an evidentiary hearing. Because defendant failed to establish a prima facie showing of ineffective assistance of counsel, we affirm.

Following the robbery of an attendant at a gas station, a grand jury returned an indictment charging defendant and his brother Duane Horne with first-degree armed robbery, N.J.S.A. 2C:15-1. The grand jury also indicted defendant for fourth-degree unlawful possession of an imitation firearm, N.J.S.A. 2C:39-4(e). After a joint trial with his brother as co-defendant, a jury found defendant guilty of both charges. The trial judge sentenced defendant to twelve years in prison subject to periods of parole ineligibility and parole supervision as prescribed by the No Early Release Act, N.J.S.A. 2C:43-7.2.

Defendant appealed, contending the trial judge erred in how he instructed the jury on the lesser-included offense of theft, the verdict was against the weight of the evidence, and the sentence was excessive. We affirmed defendant's convictions and sentence. State v. Horne, No. A-3709-15 (App. Div. Apr. 9, 2018). The Supreme Court denied defendant's petition for certification. 235 N.J. 339 (2018).

Defendant, representing himself, submitted a petition seeking PCR. He was assigned PCR counsel, who submitted additional papers on his behalf. Defendant contended his trial counsel had been ineffective in that he failed to (1) move to suppress evidence found in a vehicle; (2) move to sever his trial from co-defendant's trial and transfer the trial "to veteran's court"; (3) adequately investigate his case by questioning the victim before trial; (4) meet and communicate sufficiently with defendant; and (5) provide the State with "defendant's counter-offer to plead guilty for a reduced sentence." Defendant also argued his sentence was illegally excessive and appellate counsel had rendered ineffective assistance by failing to raise on appeal arguments defendant was raising in his PCR petition.

The PCR court heard oral argument on the petition. Finding defendant had failed to establish the two required prongs of Strickland v. Washington, 466 U.S. 668, 687 (1984), the court entered an order and opinion denying the petition. The court held a motion to suppress evidence located during a warranted search of a vehicle would not have been granted because, even accepting defendant's allegation that the search-warrant affidavit contained "falsehoods," other evidence, including a video of the robbery, the victim's 911 call and statement to police, and defendant's statement to police, confirmed the

3

facts providing probable cause in the affidavit. The court also concluded a motion to sever would not have been granted because defendant and his co-defendant presented consistent, not antagonistic, defenses. The court found defense counsel had presented to the State a counteroffer to plead guilty in exchange for a reduced sentence recommendation, which the State rejected. The court also found defendant had failed to show his two meetings with counsel kept him from participating in a successful trial strategy, how additional meetings would have changed his trial strategy or the ultimate outcome of the trial, or how an interview with the victim would have disclosed information not revealed in the victim's 911 call, statement to police, or trial testimony. Rejecting defendant's claim of ineffective assistance on appeal, the court held defendant had not demonstrated his appellate counsel failed to present a viable argument. The court concluded defendant's excessive-sentence claim was procedurally barred under Rule 3:22-5 because it already had been adjudicated on the merits in defendant's direct appeal. Because defendant had not made a prima facie showing of his ineffective-assistance claims, the court did not conduct an evidentiary hearing.

Defendant now appeals the PCR court's order, describing his argument as:

> POINT I – THE PCR COURT ERRED IN DENYING DEFENDANT'S CLAIMS WITHOUT AN

EVIDENTIARY HEARING AND THIS MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING ON DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF.

Because defendant failed to establish a prima facie showing of ineffective assistance of counsel, the PCR court did not have to conduct an evidentiary hearing. Accordingly, we affirm.

We review the PCR court's legal and factual determinations de novo because it rendered its decision without an evidentiary hearing. State v. Harris, 181 N.J. 391, 419 (2004); State v. Aburoumi, 464 N.J. Super. 326, 338-39 (App. Div. 2020). As directed by our Supreme Court, we "view the facts in the light most favorable to the defendant." State v. Jones, 219 N.J. 298, 311 (2014). We review under an abuse-of-discretion standard the PCR court's decision to proceed without an evidentiary hearing. State v. L.G.-M., 462 N.J. Super. 357, 365 (App. Div. 2020).

To establish a claim of ineffective assistance of counsel, a defendant must demonstrate: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and (2) "the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687 (quoting U.S. Const. amend. VI); State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-prong test in New Jersey); see also State v. Gideon,

244 N.J. 538, 550-51 (2021) (describing the two required prongs under Strickland). "Prejudice is not to be presumed . . . . The defendant must 'affirmatively prove prejudice.'" Gideon, 244 N.J. at 551 (quoting Strickland, 466 U.S. at 693). A failure to make an unsuccessful argument does not constitute ineffective assistance of counsel. State v. Echols, 199 N.J. 344, 365 (2009). Bare assertions are "insufficient to support a prima facie case of ineffectiveness." State v. Blake, 444 N.J. Super. 285, 299 (App. Div. 2016) (quoting State v. Cummings, 321 N.J. Super. 154, 171 (App. Div. 1999)).

A petitioner for PCR is not automatically entitled to an evidentiary hearing. State v. Porter, 216 N.J. 343, 355 (2013); see also L.G.-M., 462 N.J. Super. at 364 ("[M]erely raising a claim for PCR does not entitle a defendant to an evidentiary hearing"). A court should conduct an evidentiary hearing on a PCR petition only if the petitioner establishes a prima facie case in support of PCR, material issues of disputed fact cannot be resolved by reference to the existing record, and an evidentiary hearing is necessary to resolve the claims for relief. Porter, 216 N.J. at 354 (citing R. 3:22-10(b)); see also State v. Preciose, 129 N.J. 451, 462 (1992) (PCR court should grant an evidentiary hearing "if a

defendant has presented a prima facie claim in support of post-conviction relief"). Allegations that are "too vague, conclusory, or speculative" do not merit an evidentiary hearing. State v. Marshall, 148 N.J. 89, 158 (1997).

Defendant failed to meet that standard. Defendant's arguments were bare assertions with no factual support. He contended trial counsel should have moved to suppress evidence and sever the trial but failed to demonstrate that those motions would have been successful. He did not establish how additional meetings with counsel or an interview with the victim would have changed his trial strategy or altered the ultimate outcome of the trial. His claim that trial counsel failed to present a counteroffer in plea negotiations was not supported by the record, and defendant did not demonstrate he had asked counsel to make another counteroffer when the State rejected that initial counteroffer. He did not identify viable claims his appellate counsel had failed to present. Echols, 199 N.J. at 365 (finding that failure to raise an issue on appeal was not a basis to grant post-conviction relief because "the result would not have been different"). Defendant's bare assertions were "insufficient to support a prima facie case of ineffectiveness." Blake, 444 N.J. Super. at 299 (quoting Cummings, 321 N.J. Super. at 171). His unsupported assertions and his

excessive-sentence argument, which we already had rejected on direct appeal, did not merit an evidentiary hearing.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3155-20